The next case being argued, Shafler v. Merrill Lynch. Our colleague, Judge Loyer, has to recuse himself, so he'll step out and pursuant to our local rules, Judge Livingston and I will hear the argument in this case. Ms. Shafler? Yes. Not at all. The gentleman made me... I'm Dr. Shafler. I'm parole say, but I have a law degree. I'm just not a member. I have a Juris Doctor degree. I'm just not a member of the bar. I have limited time. I would like to ask the gentleman if he said it to somebody else, he send it, or because I find Judge Roman was at fault for this. He's corrupt. He's biased. He spoke to me in a sexist manner. He just sort of went around. He doesn't know what the case is about. He manipulated. There was very little action. There were two hearings in which the conversation was vapid, very vapid, had nothing to do. I was robbed, not by guys on the street corner, but by all people with law degrees. So this is a serious matter. It's not only a serious matter because I lost all this money, but it's a serious matter because who's doing the stealing? Appellant, I had tried to... how I found out that Bank of America Investments had stolen my money, essentially, because the thief left it there. They laundered it for him. They changed it. He continued to do that for at least 12 years. It's not sort of a speedy thing. So when I asked him to... when I brought up some conversations about that, he just went on completely different and refused to include the witnesses. Nothing. Nothing. It was just nothing. The fact that he dismissed it, and before he dismissed, he told the defendants that he would decide whether a witness that I had... he allowed that I could ask for the witness, when he gave the time limit, on his way out, he told the defendants that he will decide the case before my request is handled. I mean, you know, this is not what the Constitution has guaranteed me. You do understand that the basis for the judge's ruling in dismissing your case were principles that, as a lawyer I know you're familiar with, of res judicata, collateral estoppel, and the statute of limitations. Do you want to take the minute you have left to tell us why the judge was wrong in reaching those conclusions? Well, why the judge came to those conclusions? Well, not why he came to them, but why you're saying he's wrong. Because the statute of limitation is not true. The statute of limitation in California, in a civil act, is four years. I found out who stole my money, like, two years after I found out, I claimed it. So you have four years from the time you find out. You find out that Joe stole it, then you have four years to go. It was beyond criminal prosecution, and I scouted all of Northern California to get some criminal relief. But that civil is something completely different. So it was not the time, and I found out from the person that laundered the money for Bank of America Investments. All right, Ms. Shafflin, now you want to use a minute to rebut what your adversary says, right? Pardon me? You want to reserve a minute for rebuttal. Yes, yes. All right, so we'll hear now from your adversary. Thank you. May it please the Court, Michelle Mello on behalf of appellee Merrill Lynch, Pierce, Fenner, and Smith, Incorporated. The district court properly granted Merrill Lynch's motion to dismiss appellant's first amended complaint based on race judicata, collateral estoppel, lack of subject matter jurisdiction, statute of limitations, and if the claims were not time barred, they would be subject to dismissal for failure to state a claim upon which relief can be granted. The district court also acted within its discretion in finding that appellant is a vexatious litigant, and by enjoining her from filing any new actions in the Southern District of New York without attaching a copy of the district court's order to any future case-initiating papers. Appellant filed this lawsuit in 2015 following the dismissal of a substantially similar lawsuit in 2014 by the district court for the Northern District of California. In both lawsuits, appellant alleged that Merrill Lynch acted with a third party to steal and convert certain stock certificates. In doing so, appellant ignores that the disposition of those very same stock certificates was adjudicated in a related bankruptcy proceeding in which the bankruptcy court authorized their sale. That was in 2001. Appellant attempted to challenge the subsequent sale of the stock certificates on numerous occasions, all to no avail, and the bankruptcy case was ultimately closed in 2010. Nevertheless, appellant attempted to challenge the sale of the stock certificates, again, this time by suing Merrill Lynch first in California and when that case was dismissed here in New York. The district court's order should be affirmed on four grounds. First, the district court properly dismissed appellant's claims against Merrill Lynch as barred by the doctrine of res judicata based on the dismissal of the California action, which adjudicated the same and similar claims against the same party and resulted in a final judgment on the merits. In both cases, appellant asserted causes of action for breach of fiduciary duty and negligence in connection with the same alleged injuries and the same alleged wrongs, all relating to Merrill Lynch's role in the disposition of the stock certificates. Those claims were dismissed for failure to state a claim. Appellant's addition of fraud, conversion, and conspiracy claims in this action  and all of those claims could have been brought there. Second, the district court properly dismissed appellant's claims based on collateral estoppel and lack of subject matter jurisdiction to the extent that they seek to challenge and reopen the bankruptcy proceeding. All factual and legal issues relating to the disposition of the stock certificates at issue here were adjudicated on the merits in that proceeding and affirmed on appeal such that another attack on the sale of the stock certificates cannot be pursued in a further proceeding. Third, the district court properly dismissed appellant's claims as time-barred. This lawsuit was not filed until 2015, well beyond the applicable two- to four-year limitations periods for the claims at issue, which arose from events that transpired almost 15 years prior, and there's no basis for any tolling of those limitations periods. Fourth, the district court properly ordered that appellant's claims, were they not time-barred, they would be subject to dismissal for failure to state a claim upon which relief can be granted. Based on the allegations in the First Amendment complaint and the many judicial records from the prior proceedings, there is simply no potential for a reasonable inference that Merrill Lynch is responsible for any of the misconduct alleged. Moreover, the First Amendment complaint does not state facts sufficient to constitute any cause of action against Merrill Lynch. For all of the foregoing reasons, the district court's order should be affirmed. I would be happy to answer any questions that the panel may have, but otherwise we'll submit. Thank you. All right, Ms. Shaffley, you have a minute to respond. Your Honor, ComputerShare had been the one that laundered the money once it was stolen from me, and it was used by the thieves. ComputerShare did that for 12 years thereafter, was doing their money. I had left California long ago, and he was clearing their money, selling stocks and whatnot for 12 years. He was the one who alerted me. He was the one. So it was not that it was time-limited. It was not. And Judge Roman didn't allow ComputerShare to be introduced. And that is part of his, I believe, corruption. I have a constitutional right. You do know that corruption is a very strong word and does not equate to error. I mean, judges can make mistakes without being corrupt. Your Honor, when you are— Well, it's just you've used the word twice. Yeah, I've used it twice. I'm sorry. But when you are with people that know the same thing you know, and they are ignoring what that thing is and make you feel that you are just hallucinating, that is pretty, I believe, corrupt. All right. Thank you very much. We're going to take this case under advisement. We'll try to get you a decision quickly. The other two cases on our calendar are submitted, so we stand adjourned. Thank you very much.